IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Findlay Truck Lines, Inc., | Case No. 3:11 CV 2396 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | |
| | JUDGE JACK ZOUHARY |
| Central States Southeast and Southwest Area Pension Fund, | |
| Defendant. | |

This is a dispute between an employer and a pension fund. Plaintiff Findlay Truck Lines was involved in a labor dispute, which triggered a "union-mandated" withdrawal from the pension plan administered by Defendant Central States Southeast and Southwest Area Pension Fund (Doc. 1 at 4). Shortly thereafter, Defendant demanded Plaintiff pay withdrawal liability in excess of $10 million pursuant to a trust agreement. Plaintiff then filed its Complaint seeking declaratory and injunctive relief to prevent such payment (Doc. 1 at 6–7).

In response, Defendant filed a Motion to Dismiss or in the Alternative Transfer (Doc. 6). On February 8, 2012, this Court held a record hearing on Defendant's Motion (Doc. 18), followed by a conference on March 6, 2012. The parties agreed to continue to exchange documents and discuss resolution. Another conference was held on March 20, 2012 at which time the parties continued to discuss resolution. This Court now addresses Defendant's Motion which has been fully briefed (Docs. 10 & 11).

Defendant makes two arguments. First, because the trust agreement contains a forum selection clause requiring legal action to be filed in the Northern District of Illinois, Plaintiff's claim should be

dismissed under Federal Civil Rule 12(b)(6) or transferred pursuant to 28 U.S.C. § 1404(a). Second, the Complaint should be dismissed because Plaintiff has failed to exhaust its administrative remedies -- specifically, this dispute is subject to mandatory arbitration.

The Complaint arises under the Multiemployer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. §§ 1001 *et sec*. Under the MPPAA, arbitration is the specified method of dispute resolution. Specifically, "[a]ny dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1389 of this title *shall* be resolved through arbitration." 29 U.S.C. § 1401(a)(1) (emphasis added). All disputes, legal and factual, are subject to this arbitration requirement. *Mason and Dixon Tank Lines, Inc. v. Central States Se. and Sw. Areas Pension Fund*, 852 F.2d 156, 164 (6th Cir. 1988).

The MPPAA is generally not mandatory where:

(1) the arbitrator does not possess special expertise with regard to the dispute;
(2) arbitration would not promote judicial economy;
(3) deference to the statutory record is not necessary; and
(4) arbitration would not develop a helpful record.

*Dorn's Transp., Inc. v. Teamsters Pension Trust Fund*, 787 F.2d 897, 903 (3d Cir. 1986); *TIME-DC v. Management-Labor Welfare & Pension Funds*, 756 F.2d 939, 945 (2d Cir. 1985). There has been no showing that any of these exceptions apply to the instant case. Further, the Sixth Circuit has held that arbitration is the appropriate first step in disputes concerning the withdrawal of an employer from a pension fund. *See Mason*, 852 F.2d at 164. Because this Court finds Plaintiff has failed to arbitrate its claim before filing in this Court, this Court need not address the venue argument.

A final issue remains: whether this Court should enjoin Defendant from collecting $10 million in withdrawal liability pending arbitration. Defendant argues the MPPAA is a "pay-now, dispute-later statute" (Doc. 18 at 6). This is generally true. *See* 29 U.S.C. § 1399(c)(2); *Marvin Hayes Lines, Inc.*

*v. Central States Se. and Sw. Areas Pension Fund*, 814 F.2d 297, 299–301 (6th Cir. 1987). However, there is an exception when an interim payment causes irreparable harm to the employer. If the interim payment "seriously inhibit[s] the ability of [employers] to operate and quite likely [] result[s] in their demise," irreparable harm exists. *See Mason*, 852 F.2d at 165 (citing *Central Transport, Inc. v. Central States Se. and Sw. Areas Pension Fund*, 639 F. Supp. 788, 792 (E.D. Tenn. 1986)). Furthermore, this Court may enjoin an interim payment "based on a verifiable claim of irreparable harm" and still order the parties to submit to arbitration. *Mason*, 852 F.2d at 165.

Plaintiff, in an affidavit submitted with its Opposition, has made a "verifiable claim" that paying the $10 million lump sum payment to Defendant would cause "irreparable harm." Plaintiff is a small operation with less than 20 union employees and has not conducted delivery operations since the labor dispute began in June 2011 (Doc. 10-1 at 3). Additionally, Plaintiff has had a net loss in four of the last five years (Doc. 10-1 at 3). Plaintiff is in financial distress but intends to resume operations once the labor dispute is resolved (Doc. 10-1 at 3–4). However, if required to make the lump sum payment Defendant demands, resumption of operations is unlikely (Docs. 10-1 at 4 & 18 at 8).

Accordingly, Defendant is enjoined from collecting the withdrawal liability payment pending arbitration; Defendant's Motion is granted in part and Plaintiff's claim is dismissed without prejudice.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 21, 2012